**COURT OF APPEAL, THIRD CIRCUIT**
**10-86 (consolidated with) 10-91, 10-92, 10-96, 10-97, 10-99,**
**10-100, 10-115, 10-117, and 10-118**

**CENTRAL LOUISIANA AMBULATORY SURGICAL CENTER, INC. (BRIDGET HUIE)**

**VERSUS**

**PAYLESS SHOESOURCE, INC.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 2
PARISH OF RAPIDES, NO. 08-02882
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ON REHEARING**

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Shannon J. Gremillion, and David E. Chatelain,\* Judges.

**Gremillion, J., concurs in part and dissents in part and assigns written reasons.**

**AFFIRMED.**

**Roger Anthony Javier**
**The Javier Law Firm**
**800 Energy Centre**
**1100 Poydras Street**
**New Orleans, LA 70163**
**Telephone: (504) 599-8570**
**COUNSEL FOR:**
        **Defendant/Appellant - Payless Shoesource, Inc.**

---

\*Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Richard Bray Williams**
**Williams Family Law Firm, LLC**
**P. O. Box 15**
**Natchitoches, LA 71458-0015**
**Telephone:  (318) 352-6695**
**COUNSEL FOR:**
  **Plaintiff/Appellee - Central Louisiana Ambulatory Surgical Center, Inc. (Bridget Huie)**

**THIBODEAUX, Chief Judge.**

**ON REHEARING**

Defendants in these consolidated cases applied for rehearing on the issue of notice. We deny these applications. Plaintiffs have filed applications for rehearing on the issues of attorney fees and penalties. They have requested rehearing *en banc*. We deny the request for *en banc* consideration but grant Plaintiffs' rehearing applications.

We reverse our original decision to deny penalties and attorney fees and now affirm the awards of $1,500.00 in attorney fees and $2,000.00 in penalties in each of the consolidated cases. We additionally award $1,500.00 for work done on appeal to the prevailing Plaintiffs.

Louisiana Revised Statutes 23:1201(F)(4) states:

> In the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in this Section and reasonable attorney fees based upon actual hours worked may be awarded and paid directly to the health care provider. This Subsection shall not be construed to provide recovery of more than one penalty or attorney fee.

La.R.S. 23:1201(F)(2) states that "[t]his Subsection shall not apply if the claim is reasonably controverted or if such nonpayment results from conditions over which the employer or insurer had no control." The phrase "as provided in this Section" of La.R.S. 23:1201(F)(4) encompasses the "reasonably controverted" standard of La.R.S. 23:1201(F)(2) as it applies to an award of penalties. The award of reasonable attorney fees has no such restriction. That is, once a health care provider prevails on an underpayment claim, the award of attorney fees is discretionary and is not subject to the "reasonably controverted" limitation.

The determination by the Office of Workers' Compensation that an employer or insurer should be cast with penalties and attorney fees is a question of

fact subject to the manifest error or clearly wrong standard of review. *Authement v. Shappert Eng'g*, 02-1631 (La. 2/25/03), 840 So.2d 1181. The workers' compensation judge appropriately exercised his discretion and was not clearly wrong in awarding attorney fees pursuant to La.R.S. 23:1201(F)(4).

While Defendants may have a plausible argument on the impropriety of awarding penalties under La.R.S. 23:1201(F)(4) based on the validity of the PPO discount agreement, the argument is untenable with regard to the notice provisions of La.R.S. 40:2203.1. *Gunderson v. F.A. Richard & Associates, Inc.*, 09-1498 (La.App. 3 Cir. 6/30/10), __So.3d__, explained that La.R.S. 40:2203.1 was clear and unambiguous. When a statute refers to "all preferred provider organization agreements," it means just that. Defendants in these consolidated cases were aware of these clear provisions and cannot escape their applicability with protestations of ambiguity.

For the foregoing reasons, we vacate our original opinion on the denial of penalties and attorney fees and reinstate the judgments of the Office of Workers' Compensation. Additionally, we award attorney fees of $1,500.00 for work done on appeal in each of the consolidated cases.

**AFFIRMED.**

# STATE OF LOUISIANA

# COURT OF APPEAL

# THIRD CIRCUIT

**10-86 (Consolidated with) 10-91, 10-92, 10-96, 10-97, 10-99, 10-100, 10-115, 10-117, and 10-118**

## CENTRAL LOUISIANA AMBULATORY SURGICAL CENTER, INC.

### VERSUS

### PAYLESS SHOE SOURCE, INC.

**GREMILLION, Judge, concurs in part and dissents in part.**

I agree with the majority on the issue of the awards of penalties, given that the defendants failed to comply with the dictates of La.R.S. 40:2203.1.

I dissent on the issue of attorney fees. Louisiana Revised Statute 23:1201(F)(4) provides that "[i]n the event that the health care provider prevails on a claim for payment of his fee, penalties as provided in the Section and reasonable attorney fees *based upon actual hours worked* may be awarded. . . ." [Emphasis added]. In the present matters, counsel for the provider submitted affidavits attesting to the actual hours worked as of the date of trial on each, which are summarized below.

| Docket | Actual hours worked |
|--------|---------------------|
| 10-86  | 2.4 |
| 10-91  | 3.7 |
| 10-92  | 3.9 |
| 10-96  | 2.4 |
| 10-97  | 2.3 |
| 10-99  | 2.2 |
| 10-100 | 2.4 |
| 10.115 | 2.3 |
| 10-117 | 2.1 |

| 10-118 | 2.9 |

Thus, counsel worked a total of 26.6 hours, for which the WCJ and this court have determined the health care provider is entitled to receive attorney fees awards totaling $30,000. An hourly rate of $1,127.82 is unreasonable and unwarranted. I would reduce the attorney fee awards to reflect an hourly rate of $175.00 per hour.